UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 AUG 25 PM 2:54
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| ELIZABETH KELLY TUTIN, | ) |
| | ) Case Number: |
| Plaintiff, | ) |
| | ) |
| vs. | ) **1:11-cv-1157 RLY-MJD** |
| | ) |
| THOMAS BROWN & ASSOCIATES, INC., | ) |
| a for-profit Texas Corporation and | ) |
| NATIONAL CHECK ARBITRATION | ) |
| SERVICES, INC., a for-profit New York | ) |
| Corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ELIZABETH KELLY TUTIN, by counsel, Chad D. Wuertz, and for her Complaint and Demand for Jury Trial, respectfully states the following:

### PRELIMINARY STATEMENT

1. ELIZABETH KELLY TUTIN ("Ms. Tutin") sues Thomas Brown & Associates, Inc. ("Thomas Brown") and National Check Arbitration Services, Inc. ("National Check") to secure redress for Defendants' violations of the federal Fair Debt Collection Practices Act, violations of the discharge injunction entered by the United States Bankruptcy Court, intentional infliction of emotional distress, invasion of privacy, and harassment.

### PARTIES

2. Ms. Tutin is an individual who resides in Marion County, Indiana.

3. Ms. Tutin is a consumer and debtor as those terms are construed under applicable state and federal law.

4. Thomas Brown is a for-profit corporation, organized under the laws of the State of Texas.

5. Thomas Brown is a debt collector as defined by 15 U.S.C. § 1692a(6), in that Thomas Brown regularly attempts, directly or indirectly, to collect debts that were originally owed or alleged to be owed to persons other than Thomas Brown.

6. National Check is a for-profit corporation, organized under the laws of the State of New York.

7. National Check is a debt collector as defined by 15 U.S.C. § 1692a(6), in that National Check regularly attempts, directly or indirectly, to collect debts that were originally owed or alleged to be owed to persons other than Thomas Brown.

## FACTS RELATING TO PLAINTIFF

8. Ms. Tutin on June 30, 2010 filed for Chapter 7 bankruptcy protection under Title 11 of the United States Code.

9. Ms. Tutin's bankruptcy case was filed in the United States Bankruptcy Court, Southern District of Indiana, Indianapolis Division, Case Number: 10-09845-AJM-7 ("Bankruptcy Case").

10. In preparing her *pro se* petition, Ms. Tutin caused to be properly scheduled certain debts alleged to be owed to various payday loan companies.

11. Following proper notice to creditors and normal bankruptcy procedure, the United States Bankruptcy Court on October 13, 2010 entered an order discharging Ms. Tutin's scheduled debts.

12. None of the creditors in the Bankruptcy Case filed any objection to the discharge nor did they file adversary actions to challenge the dischargeability of any of the debts.

13. On or about May 1, 2011, Ms. Tutin began receiving telephone calls from Thomas Brown threatening to take legal action against Ms. Tutin for one (1) of the discharged payday loan debts included in the Bankruptcy Case.

14. Ms. Tutin informed Thomas Brown that she had received a discharge order in the Bankruptcy Case. However, Thomas Brown informed Ms. Tutin that her debt could not be included in a bankruptcy and that she must pay.

15. On one (1) occasion, a representative of Thomas Brown left a voicemail for Ms. Tutin, and that voicemail was preserved ("Thomas Brown Voicemail").

16. The Thomas Brown Voicemail fails to include any of the disclosures required by 15 U.S.C. § 1692g.

17. Thomas Brown did not within five (5) days of its initial communication mail to Ms. Tutin the notice required by 15 U.S.C. § 1692g.

18. The Thomas Brown Voicemail attempts to collect a debt Thomas Brown knew or should have known it could not collect.

19. At some time prior to June 25, 2011, the same payday loan accounts were transferred, assigned, or assumed by National Check.

20. Shortly thereafter, National Check began contacting Ms. Tutin and her family by telephone.

21. In its communications, including one (1) preserved voicemail message left with Ms. Tutin's mother, National Check informed Ms. Tutin that "legal process" was going to be served upon her.

22. National Check's communications led Ms. Tutin to believe that she had been sued.

23. None of National Check's multiple communications contained the disclosures required by 15 U.S.C. § 1692g.

24. National Check did not within five (5) days of its initial communication mail to Ms. Tutin the notice required by 15 U.S.C. § 1692g.

## POLICIES AND PROCEDURES COMPLAINED OF

25. The Defendants' communications to Ms. Tutin violated the discharge injunction entered in the Bankruptcy Case.

26. Defendant National Check's communications to Ms. Tutin falsely imply to unsuspecting and unsophisticated consumers that a lawsuit has been filed against them when, in fact, there is no such suit.

27. Defendant National Check was prohibited from contacting Ms. Tutin's family and informing them of the alleged debt owed.

28. The Defendants each attempted to collect a debt they were not prohibited by law from collecting.

29. Defendants in their communications violated various provisions of the FDCPA, and Plaintiff is entitled to damages for Defendants' violations of the FDCPA, pursuant to 15 U.S.C. § 1692k.

30. Additionally, Ms. Tutin has suffered emotional damages, embarrassment, and humiliation.

WHEREFORE, Plaintiff, by counsel, respectfully requests the Court enter judgment in favor of Ms. Tutin and against Defendants, and:

    a. That Ms. Tutin have and recover damages as provided in 15 U.S.C. § 1692k;

    b. That Ms. Tutin have and recover actual damages;

    c. That Ms. Tutin have and recover punitive damages;

    d. That Ms. Tutin have and recover all reasonable legal fees and expenses incurred by her attorney; and

e. That Ms. Tutin has such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By *Chad D. Wuertz*
Chad D. Wuertz #26656-49
Wuertz Law Office, LLC
10 West Market Street, Suite 1025
Indianapolis, IN 46204
Telephone: (317) 423-1200

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, hereby demands a trial by jury on all issues so triable.

By *Chad D. Wuertz*
Chad D. Wuertz